PEOPLE, PLAINTIFF AND APPELLEE, *v.* VARELA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Aggravated Assault and Battery.

No. 1181.—Decided June 14, 1917.

AGGRAVATED ASSAULT AND BATTERY—INFORMATION.—When the act charged against the accused is clearly described in the body of the information and constitutes the crime of aggravated assault and battery according to the Assault and Battery Act of March 10, 1904, the information is sufficient and it is not a fatal defect that its heading charges assault only and refers to section 232 of the Penal Code, which was substituted by the said act. The nature of the crime charged in an information is determined by the facts alleged therein and not by the name given to it.

ID.—TRIAL DE NOVO—EXCESSIVE PENALTY.—The conclusion of a municipal court in the trial of a case does not bind the district court in a *de novo* trial of the case, for the latter court acts as if the case were before it originally. Therefore the district court may impose a greater penalty than that imposed by the municipal court, acting, of course, within the limits fixed by law for the crime committed; and this court will not disturb the conclusion of the district court, unless some circumstance be shown from which the penalty should be considered excessive.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint upon which this prosecution was brought reads as follows:

"I, Nicolás Cuevas, forty years old, residing at No. 32 Paz Street, Aguada, charge Vicente and Federico Varela under section 232 of the Penal Code with assault committed as follows: In the public square of Aguada, P. R., Municipal Judicial District of Aguadilla, P. R., on October 28, 1916, at 10.30 a. m., the said persons then and there wilfully, maliciously and unlawfully assaulted me, the first with dagger in hand and the second with two stones which he picked up to throw at me, and in a menacing attitude attempted to attack me, which they were prevented from doing by the interference of the wife of Vicente Varela who stepped between us. This act being contrary to the law in such case made and provided, I make this complaint in the interest of justice, Pedro Ferrer and Ramón Ferrer of the ward of Guanábano being witnesses. (Sd.) Nicolás Cuevas, complainant. Sworn to before me this thirtieth day of October, 1916. (Sd.) Joaquín Ríos, Secretary of the Justice of the Peace Court of Aguada."

The defendant was tried and convicted by the Municipal Court of Aguadilla of aggravated assault and sentenced to pay a fine of $50 or in default of payment to undergo one day's imprisonment for each dollar not paid. From that judgment he appealed to the district court and after a trial *de novo* was found guilty and sentenced to eighteen months' imprisonment in jail. Thereupon the defendant appealed to this court, claiming that the district court erred, (1) in con-

victing him of aggravated assault when he was charged only with simple assault; (2) in weighing the evidence, and (3) in imposing an excessive penalty.

1. While it is true that the preamble of the complaint charges only simple assault and refers to a provision of the Penal Code which was repealed by an Act of the Legislative Assembly, the real offense with which the defendant is charged is plainly described in the body of the complaint and constitutes the crime of aggravated assault under the law in force. And that is sufficient.

"The fact that the prosecuting attorney," said this court, "erroneously considered the facts as constituting the crime of false personation and cheats does not matter inasmuch as the crime committed is determined by the facts themselves and not by the classification of the prosecuting attorney. The information, therefore, is not fatally defective if the acts constituting the crime are alleged sufficiently, as they are in the case at bar. The error in the classification does not make the information void." *People* v. *González,* 17 P. R. R. 1142.

"The circumstance that the complaining witness has erroneously classified the facts set forth in the complaint as constituting a specific offense," also said this court, "does not prevent the municipal court from holding the trial and pronouncing judgment against the defendant for the offense really committed as shown by the facts proven, provided the court has jurisdiction of the offense." *People* v. *Sánchez,* 16 P. R. R. 682.

And in the case of *People* v. *Zambrana,* 18 P. R. R. 732, this court expressed itself as follows: "That which determines the nature of the crime charged in a complaint is not the name given thereto in such complaint but the facts alleged therein."

See also *People* v. *Colón,* 15 P. R. R. 80, and *People* v. *Vilches,* 12 P. R. R. 188.

2. The evidence was contradictory, for while the witnesses for the prosecution insist that the defendant went to the complainant's house to provoke him and attacked him with a knife some time later upon meeting him in the street, the witnesses for the defense testify that it was the complaining

witness who attempted to assault the defendant with a re-volver. The conflict was decided by the district court against the defendant and it not having been shown that the court was influenced by passion, prejudice or partiality, or that it committed manifest error, its judgment will not be disturbed.

3. As we have seen, the defendant was sentenced by the municipal court to pay a fine of $50 and by the district court to eighteen months' imprisonment in jail. The finding of the municipal judge is not binding upon the district court. The trial being *de novo* in the latter court, it considers the facts and acts as it would in a case brought before it in original jurisdiction. The penalty of eighteen months' imprisonment is within the limits fixed by law and nothing having been shown that would make it appear excessive, the judgment appealed from cannot be modified but, on the contrary, is affirmed in all its parts.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.